# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joshua Peterson, | ) |
| Plaintiff, | ) **ORDER RE MOTIONS TO QUASH** |
| | ) **SUBPOENA AND TO ENFORCE** |
| vs. | ) **THE SUBPOENA** |
| City of Minot, a municipal corporation, et. al., | ) Case No.1:16-cv-271 |
| Defendants. | ) |

Before the court is plaintiff's motion to quash a subpoena issued by defendant to plaintiff's parents requiring that his parents produce plaintiff's computer (which is in their possession while plaintiff is in jail) to defendant's police department, purportedly so that defendant can have the computer forensically examined for possible relevant information. Also, before the court is defendant's motion to compel enforcement of the subpoena.

The court concludes that plaintiff has standing to bring his motion as the owner of the computer. The court further concludes that defendant does not have the right to go on a fishing expedition to examine the computer for whatever might suit its interest. Consequently, the subpoena to plaintiff's parents will be quashed.

That being said, given the particular circumstances of the case and the fact that we are still a long way prior to trial, the court will allow defendant to make a very targeted request to the plaintiff for discovery of additional information that may be on the computer that is not cumulative of what defendant has already obtained from plaintiff during his deposition. Plaintiff's counsel can then respond accordingly, either by objecting (but not on the basis that discovery has closed) or providing responsive information that is on the computer, if any. Any disputes can be resolved by

1

motion, but only after first following the procedure for informal resolution of the disputes through a phone call to the undersigned as required by our Local Rules.

Defendant's counsel is concerned that the information it wants to obtain may have already been deleted and that it will take a forensic examination of the computer to see if that is the case and whether any deleted information is still recoverable. Defendant's counsel, however, is jumping the gun. The above procedure will be followed first. Then, if there are no legitimate objections and if the response is that information was not found that was responsive to the particularized requests, defendant can then seek a court order allowing a forensic examination of the computer. At that time, the court will address whether it will permit a forensic examination, after considering the defendant's need for the particular information, the proportionality requirements of Fed. R. Civ. 26, and likelihood that any of the sought after information would have been on the computer in the first instance. From what the parties have described to the court so far, the court has its doubts about the latter.

Based on the foregoing, the court hereby **ORDERS** as follows:

1. Plaintiff's Motion to Quash Subpoena (Doc. No. 34) is **GRANTED** and the subpoena to plaintiff's parents for production of plaintiff's computer is quashed.
2. Defendant's Motion to Compel Enforcement of Subpoena (Doc. No. 35) is **DENIED**.
3. Defendant may make a request to plaintiff for production of documents targeted specifically to additional relevant information not otherwise obtained during plaintiff's deposition, but must do so within the next ten (10) days. Plaintiff shall then have (20) days to respond.

4. Plaintiff's attorneys shall take possession of plaintiff's computer and hold it until the entry of final judgment in this action unless otherwise ordered by the court.

Dated this 8th day of January, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court